U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2009 FEB 10 P 3: 37

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

United States of America

v.                                    Criminal No.   08-cr-102-01-PB

Heather Heinemann

### O R D E R

Today, the defendant Heather Heinemann was before the court
on an initial appearance based on a motion notifying  violations
of her conditions of supervised release. The defendant waived the
probable cause hearing. See Fed. R. Crim. P. 32.1(b)(1)(A).   The
defendant tested positive in December 2008 and January 2009 for
marijuana,  misled her probation officer regarding her
association with a convicted felon (who is the father of her
child and unborn child), and ignored the instructions of the
probation officer to associate with the felon. Earlier in 2008,
she was convicted of shoplifting and possession of marijuana and
failed to notify her probation officer.  No action was taken at
that time.  Based upon the waiver and information provided in the
report of the U.S. Probation Officer, I find probable cause to
hold defendant Heather Heinemann for a revocation hearing.

Defendant sought bail conditions under Fed. R. Crim. Proc.
32.1(a)(6).  Under Rule 32.1(a)(6) defendant bears the burden of
establishing by clear and convincing evidence that she will not

flee and that she poses no danger to any other person or to the
community.  Despite the opportunities given to the defendant
through counseling, defendant continues to use marijuana.  She is
a danger to the community, to her children and to her unborn
child.  Notwithstanding the suggestions of the defense for an
alternative to detention, such as curfew and counseling (and
treatment for chronic depression), I find that there are no
conditions of release which will reasonably assure the safety of
the community.

Accordingly, it is ORDERED that the defendant be detained
pending final revocation hearing.

The defendant is committed to the custody of the Attorney
General or his designated representative for confinement in a
corrections facility separate, to the extent practicable, from
persons awaiting or serving sentences or being held in custody
pending appeal.  The defendant shall be afforded a reasonable
opportunity for private consultation with defense counsel.  On
order of a court of the United States or on request of an
attorney for the government, the person in charge of the
corrections facility shall deliver the defendant to the United
States Marshal for the purpose of an appearance in connection

2

with a court proceeding.

**SO ORDERED.**

Justo Arenas
United States Magistrate Judge

Date:     February 10, 2009

cc:   Bjorn R. Lange, Esq.
      Mark Zuckerman, Esq.
      U.S. Marshal
      U.S. Probation

3